## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DERRICK DION NEELY-BEYTARIK- EL, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 1:12-cv-986-JMS-MJD |
| | ) | |
| SUPERINTENDENT, Correctional | ) | |
| Industrial Facility, | ) | |
| | ) | |
| Respondent. | ) | |

### Entry Concerning Selected Matters

The court, having considered the above action and the matters which are pending, makes the following rulings:

1.    The petitioner shall have **through August 23, 2012,** in which to either pay the $5.00 filing fee for this action or demonstrate his financial inability to do so.

2.    The petitioner's custodian is the proper respondent and that official is now **substituted** as the respondent.

3.    "District courts should not have to read and decipher tomes disguised as pleadings." *Lindell v. Houser*, 442 F.3d 1033, 1035 n.1 (7th Cir. 2006). This fully applies to the awkward and confused verbiage which Derrick Dion Neely-Beytarik-El has compiled in his petition for a writ of habeas corpus. Federal habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law. *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010)("But it is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. The habeas statute

unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2254(a). And we have repeatedly held that federal habeas corpus relief does not lie for errors of state law. It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (some internal citations and quotations omitted).

4.     Based on the foregoing, and based also on the fact that notice pleading does not suffice in an action for habeas corpus relief, see *Lloyd v. Van Natta,* 296 F.3d 630, 633 (7th Cir. 2002), the petitioner shall have **through August 23, 2012,** in which to **supplement** his petition for a writ of habeas corpus by doing the following:

    !     *First,* he shall **re-state with clarity each of the claims he asserts in this action** and shall explain the facts or circumstances (not the law) supporting each such claim.

    !     *Second,* pursuant to 28 U.S.C. ' 2254(d)(1), the petitioner shall **supplement** his petition by identifying with respect to each of his claims in what sense, if any, the state court's adjudication (i) resulted in a decision that was contrary to clearly established Federal Law, as determined by the Supreme Court of the United States or (ii) resulted in a decision which was an unreasonable application of clearly established Federal Law, as determined by the Supreme Court of the United States. The petitioner shall also, pursuant to 28 U.S.C. ' 2254(d)(2), identify with respect to each of his claims, in what sense the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

**IT IS SO ORDERED.**

Date:  07/30/2012

                                    Hon. Jane Magnus-Stinson, Judge
                                    United States District Court
                                    Southern District of Indiana

**Distribution:**

**Derrick Dion Neely-Beytarik-El**
**#973338**
**Correctional Industrial Facility**
**5124 West Reformatory Road**
**Pendleton, IN 46064**